10/20/2012 12:47:15 PMSterling Respnse to Motion to dismiss Kuiper.doc

## IN THE US BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF INDIANA AT HAMMOND

| | |
|---|---|
| In re Jacqueline Sterling, Debtor | ] 2009 B 24206 |
| | ]Chapter 7 |
| Jacqueline Sterling, Plaintiff | ] |
| | ] |
| vs | ] |
| | ] |
| Southlake Nautilus Health & Racquet Club Inc | ]Adversary 12-02102 |
| Austgen Kuiper & Assoc., | ] |
| David Austgen, Defendants | ]Judge Klingeberger |

### NOTICE OF DEBTOR STERLING'S RESPONSE TO THE MOTION TO DISMISS

Austgen Kuiper
130 N Main St
Crown Point, IN  46307

Burke Costanza Carberry
9191 Broadway
Merrillville, IN  45410

Asst US Trustee
555 One Michiana Sq
100 E Wayne St
South Bend, IN  46601

The Court

Jacqueline Sterling
2020 W 86th St R510
Merriville, IN 46410
Attn Personal & Confidential

Please take Notice that counsel will present this Debtor Sterling's Response to the Motion to Dismiss attached before the Judge Presiding in this Matter,

**Certificate of Service**

Notice and the attached Debtor Sterling's Response to the Motion to Dismiss was served on each person to whom it is addressed by mailing a copy at the above indicated address(es) by placing same in the United States Mail with proper postage attached at Lobby in 29 E. Madison, Chicago, Illinois at or before 5:00 p.m. on_____20  : with Courtesy copy to the Court chambers _____ 20__.

Samuel A. Shelist._____

Atty#43236
**Shelist Law Firm LLC**
Samuel A. Shelist
29 E. Madison St, Suite 1000
Chicago, IL 60602
Telephone (312) 644-3900
File#MISC 15761

1

10/20/2012 12:47:15 PMSterling Respnse to Motion to dismiss Kuiper.doc

### IN THE US BANKRUPTCY COURT FOR THE
### NORTHERN DISTRICT OF INDIANA AT HAMMOND

| | |
|---|---|
| In re Jacqueline Sterling, Debtor | ] 2009 B 24206 |
| | ]Chapter 7 |
| Jacqueline Sterling, Plaintiff | ] |
| | ] |
| vs | ] |
| | ] |
| Southlake Nautilus Health & Racquet Club Inc | ]Adversary 12-02102 |
| Austgen Kuiper & Assoc., | ] |
| David Austgen, Defendants | ]Judge Klingeberger |

### DEBTOR STERLING'S RESPONSE TO THE MOTION TO DISMISS

**NOW COMES** the Debtor, Jacqueline Sterling, via Shelist Law Firm, LLC, its attorneys of record, and Moves this Honorable Court in Response to the Motion to dismiss to Deny same and for further proceedings in discovery to proceed,

### Factual Introduction

The debtor, Jacqueline Sterling, entered into a "membership agreement" or contract with Southlake Nautilus which is the original basis of the dispute.

Southlake filed suit on the contract, and originally entered a judgment for $468.47, interest, attorney fees of $450.00 and court costs. At some point, the judgment became $1,844.33 and attorney fees of $482.23 and interest and costs (albeit it is unclear how the Judgment became so much larger or why Southlake would allegedly spend several thousand dollars to execute on a $468.67 debt).

2

Southlake, via its law firm, Austgen Kuiper & Associates, began to execute continually on the judgment over several years. Eventually, Austgen Kuiper entered a series of rules to show cause and pen ultimately, an arrest warrant. *See Sterling's Factual Introduction to the Motions and attached Exhibits #1-4, #7 (the arrest warrant for a cash bond of $1462.00)*. The debtor, Ms. Sterling, however had been discharged by this Court on January 11, 2010. *See Sterling's Factual Introduction to the Motions and attached Exhibits #5*. The Court's matrix, the attorney mailing list, all indicate the Bankruptcy Court's notice went to Southlake Nautilus at their proper address. *Sterling's Factual Introduction to the Motions and attached Exhibits #22-26*. The presumption is clear, see **In re Barnes**, 114 BR 579 (SD Ill Bankruptcy Court 1990), **In re Bucknum**, 105 BR 25 (1989).

Sterling has described in detail the circumstances of her arrest in the Complaint and prior Motions. On March 13, 2011, Sterling was out with her friends, her car stalled and the Indiana patrol came to help, and the warrant came up and she was arrested in front of her friends on a Friday evening. She was taken in handcuffs. She was taken into general population, stripped of her clothes, not given sanitary napkins during her period, and held for 2+ days as she did not have $1462.00 in cash on her. Sterling was (and is) a licensed poker dealer at the Horseshoe, and she was suspended without pay or tips until the matter was resolved, and a entry was made of the arrest in her records. See for ex., *Sterling's Factual Introduction to the Motions and attached Exhibits #9*. Sterling was obviously

forced to explain the circumstances, including her debt, and her bankruptcy, in order to get her position back, which she did.

### Information Missing, Discovery Needed and Defenses Raised

As discussed with the trial Court, an extensive amount of information is needed in order to understand what happened and why it happened. It is important to note the affirmative allegations raised by the defendants make it impossible to proceed without discovery in this Matter.

In *this* court, defendant Southlake has answered the Complaint (*See document #8, 9/14/12, "Answer", by Southlake Nautilus*). They raise a series of defenses. These defenses dovetail in this Court with the defenses raised by Austgen Kuiper and Southlake Nautilus in Indiana state court.

In their prior Answer, Austgen Kuiper argued that Sterling was guilty of "unclean hands", she failed to mitigate her own damages, that the acts were the responsibilities of "others". It is inconceivable once Sterling was arrested what she could have done to mitigate her own damages.

As to Southlake, it is important to note *they have answered* the Complaint. They also filed Affirmative defenses. First, they claim they relied upon the expertise "of counsel"; presumably, they must mean *their* counsel, with whom they had a

4

attorney/client relationship, which could only be Austgen Kuiper. After all, Southlake Nautilus was not represented by Sterling's bankruptcy counsel, and can not claim to have relied upon them. This is clearly a filed waiver of any attorney/client privilege. In the prior Indiana state proceedings, we were unable to obtain *a single* document from Southlake Nautilus *or* Austgen Kuiper – their procedures, the communications between them, the apparently nearly two thousand dollars of expenses and bills for execution over several years on a $468 debt, their procedures in these type of collection cases.

Second, Southlake claims that Sterling "failed to avoid injury" or "mitigate damages". As noted, her also, once the arrest warrant was issued, and Sterling was arrested, it is inconceivable what she could have done to mitigate her own damages; once again, the factual basis of this defense is completely elusive.

Third, Southlake Nautilus answers and affirmatively claims that Sterling's bankruptcy lawyers are at fault, albeit how is not explained. They say that "individuals responsible" for the conditions at the jail, as described in paragraph 61 of the Complaint are responsible. *Sterling's Factual Introduction to the Motions and attached Exhibits #16, 21.* They refused to provide the bills sent on the underlying case, refused to produce the contract between Austgen Kuiper and Southlake, refused to provide any other similar arrest warrants in violation of the Discharge injunction, refused to produce the other Southlake suits handled by

5

the firm, refused to even indicate if they attempted to verify Sterling was not in Bankruptcy via any method, refused to provide insurance and malpractice and liability insurance information to allow us to make a claim. See for ex., *In re Constantino v Flanders Hill Development*, 80 BR 865 (ND of Ohio Bankruptcy Court).

Thus, in order to proceed, we need extensive discovery and potentially to depose the principal of Austgen Kuiper and the principal of Southlake Nautilus in order to prepare for a Evidentiary Hearing.

### Discovery and Evidentiary Hearing in a Motion for Contempt

The trial Court, in an effort to simplify matters, allowed us to file the Motion for contempt in the form of a Adversary Complaint. Although Austgen Kuiper now complains about the *form*, it is to be noted they insisted upon being served with a summons, as notice was not sufficient.

Austgen Kuiper cites to *Patrick v Ford Motor Company*, 8 F.3d 455 (1993), a 7th Circuit case, to criticize the "form" of the request for relief for contempt, but the essential points remain the necessity for due process and discovery,

Instead, "civil contempt proceedings are considered to be a part of the action from which they stem…their purpose being to secure compliance with a prior court order … Although such proceedings are subject to the Federal Rules of Civil … given their supplemental character, the court normally will proceed in a more summary fashion than it would on an ordinary complaint … **Due process may entitle the parties to discovery and an evidentiary hearing to the extent necessary to resolve relevant factual disputes**…

6

The defendants, both Austgen Kuiper and Southlake Nautilus, still do not accept this simple point: they arrested someone who had been discharged, and she spent 2+ days in jail, and every indication is the official matrix of notice went to the correct address. There is a strong presumption of correctness, but the mail procedures and details are important. See *Kingen v Johnson Bunce & Noble PC*, 2004 Bank, Lexis 146 (2004) noting mere denial does not defeat the presumption. Since both defendants *factually dispute* the matter, it should be conducted formally and with discovery and a evidentiary hearing. Whether the Adversary Complaint should be amended to say "MOTION" is not determinative of what needs to be done or the important issues involved.

## The allegations of ACTUAL damages include that she was falsely arrested, her liberty was deprived, and was maliciously prosecuted

Austen Kuiper then seeks to dismiss indicating Sterling's *only* "remedy" is civil or criminal contempt. They repeatedly use the word "remedy". In doing so, they criticize the pending Complaint for using the words 'malicious prosecution' and 'false imprisonment' as elements of the damages incurred by Sterling. Austgen Kuiper seems convinced that even if Sterling prevails, all she is entitled to are compensatory damages for loss of income for a week.

7

In fact, Austgen Kuiper cites to *Cox v Zale Delaware,* 239 F 3d 910 (7th Cir., 2001), but fails to go back to its ancestor cases. The US Supreme Court in US *v Mine Workers of America* noted, 330 US 258, 67 S Ct 677, 91 L Ed 884 (1947),

> The trial court also properly found the defendants guilty of civil contempt. Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, **and to compensate the complainant for losses sustained**... Where compensation is intended, a fine is imposed, payable to the complainant. Such fine must of course be based upon **evidence of complainant's actual loss, and his right, as a civil litigant, to the compensatory fine is dependent upon the outcome of the basic controversy.**

This is a case about deprivation of liberty. **Paragraph 65, 66, 67, of page 8 of the Complaint are the *gravaman* of this Case.** The words "In God We Trust" is on the Court's wall, and on Court's walls. If there is a actual purpose of these words, they are that someone's personal liberty is the most important treasure they have.

The purpose of issuing a arrest warrant was to force Sterling to pay a debt; it was to coerce. The direct result of issuing the arrest warrant was Sterling was confined. When she was confined, she was arrested on a false premise, i.e., that she still owed a debt that was actionable, when it was not. Thus, she was falsely imprisoned. This is her damages. It is not actual damages, not punitive. It is actual harm, not theoretical.

The question is whether compensatory damages, to compensate a person for what actually happened, include fright, shock, humiliation, insult, vexation, inconvenience, apprehension, and humiliation. Austgen Kuiper no where cites a 7th Circuit or Indiana state case that disputes this. In a contempt, where an individual is arrest, what is her compensation for loss of liberty? The trial Court will realize this simple example:

- A person is arrested, held for 2 + days, and suspended from work and loses pay
- A person is suspended from work and loses pay

Would the compensatory damages for these two scenarios be the same? The answer is "no". If a individual is compensated for what happened to her, she is entitled to be compensated for loss of her liberty, for the malicious prosecution, for false imprisonment of her person. Defendant Austgen Kuiper admits the allegations of the complaint true for the purposes of the Motion. Thus paragraph 74, page 9 of the Complaint is true: the damages alleged are actual, consequential damages resultant from the arrest.

## Conclusion

Even if the word "Complaint" is amended to say "Motion" it does not change the essential allegations, necessity for discovery, and for due process to prepare for an evidentiary hearing.

Certified by Samuel A Shelist

Atty#43236
**Shelist Law Firm, LLC**
Samuel A. Shelist
29 E. Madison St, Suite 1000
Chicago, IL 60602
Telephone (312) 644-3900
File#MISC 15761